UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM L. NOVAK, | : |
|       Plaintiff, | : |
| -vs- | :   CIVIL ACTION NO. 04-0632 |
| PROGRESSIVE HALCYON INSURANCE COMPANY (FORMALLY HALCYON INSURANCE COMPANY), PROGRESSIVE CASUALTY INSURANCE COMPANY AND PROGRESSIVE INSURANCE GROUP, A/K/A PROGRESSIVE | :   (Judge Kosik) |
|       Defendants | : |

## **MEMORANDUM AND ORDER**

This matter is before the court on the motion of defendants to compel discovery. The motion was filed on April 12, 2005. Plaintiff has responded and defendants filed a reply on May 10, 2005.

### Background

This civil action for bad faith was commenced in March 2004. Initially, discovery was to run until December 1, 2004 with dispositive motions due by December 20, 2004. Times were then extended to February 1, 2005 for discovery and February 20, 2005 for dispositive motions.

In September 2004, defendants noticed depositions for attorneys Gerald Strubringer and Anthony Sallavanti, requesting their files pertaining to this case while representing plaintiff, excluding attorney/client privileged information.  Prior to depositions, plaintiff filed a motion for protective order contending the files were irrelevant.  On November 6, 2004, the court denied the motion because of the nature of the proceeding.  The lawyers were to appear to provide any non-privileged material and a privilege log dealing with work product information.  The latter was provided in advance of the depositions taken at the end of January 2005.

On January 19, 2005, defendants served a request for production of documents in nine specific areas.  Plaintiff did not respond, allegedly because under the rules, a response would not be due by the discovery deadline of February 1, 2005.  In the interim, nothing was done by defendants until the present motion to compel filed on April 12, 2005.  Even then, defendants seek to compel only one item, i.e., records relating to the attorney's file component of damages plaintiff seeks, including the contract for fees along with time records.

Before the immediate motion to compel, the parties filed cross motions for summary judgment on February 22, 2005 which were denied on April 5, 2005.  The discovery time expired and the case was scheduled for a pre-trial conference for May 11, 2005, but was rescheduled to June 23, 2005 because of one counsel's trial schedule.

The second thing defendants wish to compel in the present motion relates to the privilege log of documents alluded to earlier.  Defendants claim that regardless of the log filed in advance of their deposing the lawyers Strubringer and Sallavanti in

2

January 2005, plaintiff raised two issues in the summary judgment motions for the first time that require revisiting the privilege log. The defense claims that the withheld documents "are likely relevant to, and may and/or will pertain" to the two issues raised for the first time. In addition, the defense for the first time claims that: (1) many of the withheld documents are relevant to the issue; (2) the privilege logs lack sufficient specificity to determine the merits of the attorney-client privilege; (3) they do not pertain to confidential communications made by plaintiff; and, (4) plaintiff waived any privilege. Of course, plaintiff denies that anything new was raised in the cross motion for summary judgment which warrants revisiting the privilege logs. The plaintiff claims that the two issues the defense claims are new were known well before the discovery deadline of February 1, 2005 – some two and one-half months.

## Discussion

The defense concedes that plaintiff has agreed to provide an itemization of recoverable attorney's fees and costs in advance of trial, but refuses to provide the evidentiary bases therefor.

While this case will be going to trial before a jury on the issue of bad faith and punitive damages, any requested relief in the form of interest or attorney's fees is in the nature of discretionary equitable relief in the event there is a determination of bad faith. Ordinarily, these issues are in the nature of post-trial relief. Accordingly, the discovery request is deemed premature.

With respect to the privileged documents log, except for the claim that two issues were first raised in conjunction with the summary judgment motion, the other four reasons could have been raised when the log was filed or at the time the two

3

attorneys were deposed in January or early February 2005.  We are not persuaded that the defense argument warrants that this issue should be revisited.

    Accordingly, the defense motion to compel is **DENIED**.

    SO ORDERED.

                                      s/Edwin M. Kosik
                                      United States District Judge

Date: June 1, 2005